IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Rachel I. Hawkins, John H. Hawkins, Pat M. Hawkins, Bryan L. Smith, Aleatha H. Smith, Julian R. Leroy, and Barbara H. Leroy, <br><br> Plaintiffs, <br><br> vs. <br><br> Daryl L. Batts, College Funding Solutions, Inc., a/k/a Comprehensive Financial Solutions, Incorporated, Nicholas Gavalas, Massachusetts Mutual Life Insurance Company d/b/a MassMutual, and MML Investors Services, Inc. <br><br> Defendants. | C.A. No. 8:08-CV 3607-GRA <br><br><br> **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that on this date Defendants Massachusetts Mutual Life Insurance Company and MML Investors Services, Inc., by their undersigned counsel, hereby give notice of their removal of this action from the Pickens County Court of Common Pleas, pursuant to the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p(c), 78bb(f)(2) (hereinafter "SLUSA"), 28 U.S.C. §§ 1441 and 1446. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 77 *et seq*. In support of their Notice of Removal, Defendants state as follows:

1.     Plaintiffs Rachel I. Hawkins, John H. Hawkins, Pat M. Hawkins, Bryan L. Smith, Aleatha H. Smith, Julian R. Leroy, and Barbara H. Leroy (hereinafter "Plaintiffs") filed the above class action lawsuit (the "Complaint") on behalf of themselves and persons similarly situated, in the Pickens County Court of Common Pleas.

2.      Plaintiffs seek to recover money damages for themselves and other members of the class based on alleged misstatements and material misrepresentations and omissions alleged to be made by Defendant Daryl Batts and/or CFS, in connection with the purchase and/or sale of investment securities. (Complaint ¶35).

3.      SLUSA specifically provides that "[n]o covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1); *see also* 15 U.S.C. § 77p(b). SLUSA further provides that "any covered class action brought in any State court involving a covered security . . . shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to [the Act's preemption provisions]." 15 U.S.C. § 78bb(f)(2); *see also* 15 U.S.C. § 77p(c). Because the present Complaint falls squarely within SLUSA, this action is properly being removed.

4.      An action is properly removable under SLUSA if (1) the underlying suit is a "covered class action;" (2) the claim is based on state law; (3) the claim concerns a "covered security;" and (4) the plaintiff alleges "a misrepresentation or omission of material fact," or "a manipulative or deceptive device or contrivance, in connection with the purchase or sale of a covered security."

5.      SLUSA defines a "covered class action" to include:

[A]ny single lawsuit in which (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to

2

> those persons or members of the prospective class . . . predominate over any questions affecting only individual persons or members; or (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members.

15 U.S.C. § 78bb(f)(5)(B); *see also* 15 U.S.C. § 77p(f)(2)(A)(i). Plaintiffs' class action clearly satisfies this requirement. Plaintiffs seek recovery on behalf of themselves and "more than a hundred" other individuals. (Complaint ¶35(a)). Further, Plaintiffs assert that "[t]here are questions of fact common to the class, and these common questions predominate over any other miscellaneous or individual questions affecting individual members." (Complaint ¶35(b)). Accordingly, Plaintiffs' lawsuit is a "covered class action" as defined by SLUSA.

6.     The Complaint states the following state law counts only: First Cause of Action – Breach of Contract as to Life Policies; Second Cause of Action – Breach of Contract as to Investments/Securities; Third Cause of Action – Unfair Trade Practice (Investments/Securities); Fourth Cause of Action – Unfair Trade Practice (Life Insurance Policies); and Fifth, Sixth and Seventh Causes of Action – Negligence/Gross Negligence/Recklessness. Therefore, the second element for removal under SLUSA is satisfied.

7.     SLUSA defines a "covered security" as "a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) of the Securities Act of 1933." 15 U.S.C. § 78bb(f)(5)(E); *see also* 15 U.S.C. § 77p(f)(3). The Securities Act of 1933 defines "covered security" to include securities:

3

> (A)     listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities);
>
> (B)     listed, or authorized for listing, on a national securities exchange (or tier or segment thereof) that has listing standards that the Commission determines by rule (on its own initiative or on the basis of a petition) are substantially similar to the listing standards applicable to securities described in subparagraph (A); or
>
> (C)     . . . of the same issuer that is equal in seniority or that is a senior security to a security described in subparagraph (A) or (B).

15 U.S.C. § 77r(b)(1). The term "covered security" also includes "[a] security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940." 15 U.S.C. § 77r(b)(2).

Plaintiffs' Complaint satisfies the "covered security" requirement because it relates to Plaintiffs' sale of variable annuities and other mutual fund shares issued by registered investment companies and other covered securities previously held in 401(k) retirement plan and IRA accounts and/or purported purchase of other mutual fund shares issued by registered investment companies or other covered securities. In their complaint, Plaintiffs allege that they received and relied upon false investment statements from CFS, which reflect that their monies had been used to purchase mutual fund shares issued by registered investment companies and alleged that returns on these investments were used to "premium finance" life insurance policies. See copies of redacted investment statements maintained by CFS attached. See also copies of the Criminal Information, Guilty Plea of Daryl Batts, and Consent Order appointing Receiver, in criminal action 8:08-CR-716.

8.      Each of Plaintiffs' causes of action contains allegations of "a misrepresentation or omission of material fact," or "a manipulative or deceptive device or contrivance, in connection with the purchase or sale of a covered security." See Complaint ¶39 ("Plaintiffs have since learned that the Defendants misrepresented to them the agreement"); ¶45 ("acts, omissions and misrepresentations"); ¶47 ("not investing the funds as represented, providing false and misleading investment statements"); ¶51 (allegations of misrepresentations with respect to life insurance policies with premiums to be paid by dividends from the funds that were paid to the Defendants for investments); and ¶55, 62, 69 ("failing to recognize and understand the representations being made by Defendants Batts and CFS")). Thus, the SLUSA requirement of misrepresentation or omission in connection with the sale or purchase of a covered security is also satisfied.

9.      In summary, Plaintiffs' claims fall within the scope of SLUSA and therefore confer jurisdiction upon this Court. Removal in this matter is thus proper.

10.     Defendants Massachusetts Mutual Life Insurance Company and MML Investors Services, Inc. were served with the Summons and Complaint no earlier than September 26, 2008. The earliest date of service on any Defendant was September 25, 2008.

11.     Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within thirty (30) days after Defendants' receipt of the Complaint, which was "the initial pleading setting forth the claim for relief upon which [the] action . . . . is based." 28 U.S.C. § 1446.

12.     All of the Defendants, who have been served with the Complaint, consent to removal:

5

  (A) The Defendant Daryl L. Batts is represented by Frank L. Eppes, who has authorized the undersigned to inform the Court that his client consents to the removal of this action.

  (B) The Defendant Nicholas Gavalas is represented by Gray T. Culbreath, who has authorized the undersigned to inform the Court that his client consents to the removal of this action.

  (C) Bruce A. Byrholdt, Receiver for Daryl Batts d/b/a College Funding Solutions or Comprehensive Financial Solutions or C.F.S. Inc., pursuant to Order of Hon. G. Ross Anderson, Jr. in Criminal Action 8:08CR716, authorized the undersigned to inform the Court that although he has not been served as Receiver, out of an abundance of caution, he has no objections to the removal of this action.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Court of the Pickens County Court of Common Pleas, and is being served on all parties.

14. A copy of the Summons and Complaint filed in the Pickens County Court of Common Pleas in this case is attached to this Notice.

WHEREFORE, Defendants respectfully ask this Court to accept this Notice, to cause this entire suit to be docketed in this Court, and to proceed to the final determination of this suit.

        Respectfully submitted,

        s/Peter A. Rutledge
        Michael J. Giese (#2094)
        Peter A. Rutledge (#7185)
        William H. Jordan (#10174)
        SMITH MOORE LEATHERWOOD LLP
        300 East McBee Avenue, Suite 500 (29601)
        Post Office Box 87
        Greenville, SC 29602

                              Telephone:  (864) 242-6440  
                              Facsimile:  (864) 240-2477  
                              Email:  Mike.giese@smithmoorelaw.com  
                                          Peter.rutledge@smithmoorelaw.com  
                                          Will.jordan@smithmoorelaw.com

                            ATTORNEYS FOR DEFENDANTS  
                            MASSACHUSETTS MUTUAL LIFE  
                            INSURANCE COMPANY AND MML  
                            INVESTORS SERVICES, INC.

October 24, 2008