IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Rachel I. Hawkins, John H. Hawkins, )<br>Pat M. Hawkins, Bryan L. Smith, )<br>Aleatha H. Smith, Julian R. Leroy, )<br>and Barbara H. Leroy, on behalf of )<br>themselves and others similarly )<br>situated )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>Daryl L. Batts, College Funding )<br>Solutions, Inc., a/k/a Comprehensive )<br>Financial Solutions Incorporated, )<br>Nicholas Gavalas, Massachusetts )<br>Mutual Life Insurance Company, )<br>d/b/a MassMutual, and MML )<br>Investors Services, Inc. )<br>)<br>    Defendants. )<br>_____ ) | C.A. NO. 8:08-CV-3607-GRA<br><br><br><br><br><br><br><br>AMENDED COMPLAINT |

The Plaintiffs allege:

1. Plaintiffs are citizens and residents of Oconee County, South Carolina.

2. Upon information and belief, Defendant Daryl L. Batts (hereafter "Batts") is a citizen and resident of Pickens County, South Carolina and is presently an inmate in the federal prison system.

Page 1 of 12

3. Upon information and belief, College Funding Solutions, Inc., a/k/a Comprehensive Financial Solutions Incorporated (hereafter "CFS, Inc."), is or was a corporation organized and existing under the laws of the State of South Carolina.

4. Upon information and belief, Massachusetts Mutual Life Insurance Co. (hereafter "Mass Mutual") is a company organized and existing under the laws of one of the states of the United States and conducts business in the County of Pickens, South Carolina.

5. Upon information and belief, MML Investors Services, Inc. (hereafter "MMLISI") is a wholly owned subsidiary of MassMutual Holding LLC.

6. Upon information and belief Nicholas Gavalas was formerly a General Agent affiliated with MassMutual and MMLISI. Through his agency, Gavalas offered life insurance products of Defendant Mass Mutual as well as security investments through Defendant MMLISI.

7. This court has jurisdiction of the subject matter of this case pursuant to the provisions of § 10(b) of the Securities and Exchange Act of 1934, 15 USC §78j(b)(2000), and Rule 10b-5, 17 SFR §240.10b-5(2003) promulgated pursuant to the statute.

## FACTUAL BACKGROUND

8. Defendant Batts was President of CFS, Inc., and beginning on or about May 1, 2004, became an authorized insurance agent of Defendant Mass Mutual, as well as a registered agent of Defendant MMLISI.

9. Beginning on or about May 1, 2004, Defendant Batts was and represented himself to the public as, an insurance representative of Defendant Mass Mutual as well as a registered representative of MMLISI Investor Services, Inc.

10. Nicholas V. Gavalas was formerly a Mass Mutual General Agent and operated a South Carolina General Agency located in Mt. Pleasant, South Carolina.

11. Defendant Gavalas's South Carolina General Agency had a satellite office at 206 Couch Lane, Easley, South Carolina 29642. The satellite office was operated by Defendant Batts.

12. Defendant Batts was an agent of Defendants Mass Mutual, MMLISI and Defendant Gavalas who operated the Mass Mutual South Carolina General Agency located in Mt. Pleasant, South Carolina.

13. At all times mentioned herein, Defendant Batts acted as an agent, servant and employee of Defendants Mass Mutual, MMLISI, and Gavalas and acted

within the scope and course of their employment and agency.

14. Defendant Batts and CFS solicited clients, including Plaintiffs and others similarly situated, for the sale of life insurance, disability insurance, annuities and investment services, as well as the other products and services of Defendants Mass Mutual and MMLISI.

15. Defendants Batts and CFS advised clients, including Plaintiffs and others similarly situated, to take out loans on their residences, secured by mortgages, and to invest the funds with Batts and CFS. Batts and CFS represented that the individuals would make far greater investment returns on their investments placed with him and CFS than they would pay in interest on the loans on their residences.

16. Defendants Batts and CFS provided statements to Plaintiffs and others similarly situated, who invested funds through Batts and CFS, showing returns up to 70% of the invested funds. Defendants Batts and CFS, as agents of Defendants Mass Mutual, enticed Plaintiff Rachel I. Hawkins, and others similarly situated, to purchase whole life insurance policies through Defendants Gavalas and Mass Mutual with unrealistic death benefits and unrealistic premiums, promising Plaintiff Rachel I. Hawkins and others similarly situated that they would not have to pay the premium on the

insurance since the premium would be paid by a "private investor". Batts and CFS represented to Plaintiffs and others similarly situated that the "private investor" was to be repaid on his investment by being entitled to the cash and dividend values in the policies, and that Plaintiffs and others similarly situated would be entitled to the death benefit, thereby creating what Batts and CFS described as a "win/win situation" for all.

17. Defendants Batts and CFS arranged with Plaintiff Rachel I. Hawkins and others similarly situated to deposit monthly amounts into their individual bank accounts and have the accounts drafted by Mass Mutual to cover the monthly premium payments on the policies sold.

18. Batts sold many unrealistic death benefit policies with unrealistic premiums to Plaintiff Rachel I. Hawkins and others similarly situated based upon the fraudulent and untrue statements.

19. Defendants Batts and CFS represented to Plaintiffs and others similarly situated that the investments and life insurance were secured by the assets of Defendants Mass Mutual and MMLISI and therefore were "safe".

20. Plaintiffs allege that the representations of Defendants Batts and CFS, acting within the scope and course of employment with the Defendants Mass Mutual, MMLISI and Gavalas, were false and were known to said

Defendants to be false when made to Plaintiffs and others similarly situated.

21. The statements made by Defendants Batts and CFS concerning funds invested by Plaintiffs were false. Rather than invest the funds, said Defendants operated a Ponzi scheme and stole the money of the investors.

22. The statements made by Defendants Batts and CFS concerning insurance policies and the payment of premiums thereon were false in that there were no outside investors and the statements were made for the purpose of securing substantial commissions on the policies sold.

23. The statements made by Defendants as set forth herein were material facts, were known by Defendants to be false, were justifiably relied upon by Plaintiffs and others similarly situated and proximately caused losses and damages to Plaintiffs and others similarly situated in violation of §10-B of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b)(2000) and Rule 10b-5, 17 CFR §240.10b-5(2003).

24. On July 16, 2008, Defendant Batts pled guilty in the United States District Court for the District of South Carolina before the Honorable G. Ross Anderson, Jr. to one (1) count of wire fraud and one (1) count of mail fraud relating the facts set forth herein.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs bring this action on behalf of three (3) subclasses.

26. The "Post-5/1/04 Investment Subclass," which includes all persons, associations or entities who made investments or placed monies with or through Defendants Batts and/or CFS after May 1, 2004 through October 2009.

27. The "Pre-5/1/04 Investment Subclass," which includes all persons, associations or entities who made investments or placed monies with or through Defendants Batts and/or CFS prior to May 1, 2004.

28. The "Insurance Premium Subclass," which includes all persons, associations or entities who made investments or placed monies with or through Defendants Batts and/or CFS whose investments or monies were used in any way to pay insurance premiums on insurance policies issued by MassMutual.

29. Excluded from these subclasses are any persons, associations or entities whose affiliation with MassMutual, MMLISI or Gavalas was terminated prior to October 2009.

30. The members of the class are so numerous that joinder of all member is impracticable. Plaintiffs are informed and believe that members of the "Post-5/1/04 Investment Subclass" exceed 90, members of the "Pre-5/1/04

Investment Subclass" exceed 10, and members of the "Insurance Premium Subclass" exceed 40.

31. There are numerous questions of law and fact which are common to the class and which predominate over any questions affecting individual members of the class including:

    (a) whether Defendants systematically, secretly and unlawfully made false statements concerning the investments made by Plaintiffs;

    (b) whether Defendants systematically, secretly and unlawfully made false statements concerning insurance policies sold to and insurance premiums paid by Plaintiffs;

    (c) whether Defendants Batts and CFS knowingly made such false statements to Plaintiffs;

    (d) whether Defendants Batts and CFS were agents, servants and employees of Defendants Mass Mutual, MMLISI and Gavalas and acted within the scope and course of their employment in making false statements to Plaintiffs;

    (e) whether false statements made by Defendants Batts and CFS acting as agents, servants and employees of the other

>   Defendants were a violation of §10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. §78j(b)(2000) and Rule 10B-5, 17 CFR §24.10b-5(2003).
>
>   (f) whether the false and fraudulent statements made by Defendants as set forth herein were the proximate cause of losses and damages sustained by Plaintiffs and others similarly situated.

32. The only individual question appears to be the amounts Class Members lost as a direct and proximate result of false statements made by Defendants as set forth herein.

33. Plaintiffs' claims are typical of the claims of members of the class, Plaintiffs and all Class Members were parties to standard contracts with Defendants Batts and CFS. All Plaintiffs were victimized by the unlawful scheme of Batts and CFS acting as agents, servants and employees of their co-Defendants.

34. Plaintiffs will fairly and adequately protect the interests of the members of the class and have retained competent counsel experienced in class action litigation. Plaintiffs are members of the classes specified herein and do not have any interest antagonistic to or in conflict with the members of the

class. Plaintiffs' claims are the same as those of the class, which all arise from the same operative facts and are based upon the same legal theories.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit. Nevertheless, the damages of the Class Members as a group are substantial and justify taking legal action.

## COUNT ONE

(VIOLATION OF §10B OF THE SECURITIES AND EXCHANGE ACT OF 1934, 15 U.S.C. §78j(b)(2000) and Rule 10B-5, 17 CFR §24.10b-5(2003) )

36. Plaintiffs incorporate the above allegations in this cause of action.

37. The representations made by Defendants Batts and CFS, acting within the scope and course of their employment and their agency with their co-Defendants, were false statements of material fact. Defendants made the false statements with knowledge of the falsity thereof.

38. The Plaintiffs and others similarly situated justifiably relied upon the representations of Defendants. The false statements of Defendants proximately caused losses and damages to Plaintiffs and others similarly

situated, all in violation of 15 U.S.C. §78j(b)(2000) and Rule 10B-5, 17 CFR §24.10b-5(2003).

39. The Plaintiffs are entitled to recover damages as provided by law.

## COUNT TWO

40. Plaintiffs incorporate the above allegations in this cause of action.

41. The actions of Defendants and false statements by the Defendants amount to a breach of contract with Plaintiffs and others similarly situated in that Defendants operated a Ponzi scheme and made no investments of investment funds received from Plaintiffs and converted said funds to Defendants' own use.

**WHEREFORE, PLAINTIFFS PRAY:**

1. That the Court certify this action as a Class Action as requested herein;

2. That the Court grant judgment to Plaintiffs and others similarly situated for damages as provided pursuant to the provisions of 15 U.S.C. §78j(b)(2000) and Rule 10B-5, 17 CFR §24.10b-5(2003).

3. For such other relief as the Court deems just and proper.

Michael D. Glenn, #2109
121 West Benson Street

Anderson, South Carolina   29624
(864) 226-1885
(864) 226-0561, fax
AND
W. Grady Jordan, #6049
Olson Smith Jordan & Cox, PA
P.O. Box 1207
Easley, South Carolina   29641
(864) 855-1661
(864) 855-1685, fax

By: _____*Michael D. Glenn*_____
Michael D. Glenn
Attorneys for Plaintiffs

*October 27*, 2009