IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rachel I. Hawkins, John H. Hawkins, Pat M. ) <br> Hawkins, Bryan L. Smith, Aleatha H. Smith, ) <br> Julian R. LeRoy, and Barbara H. LeRoy, on ) <br> behalf of themselves and all others similarly ) <br> situated ) <br> ) <br>         Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> ) <br> Daryl L. Batts, College Funding Solutions, ) <br> Inc., a/k/a Comprehensive Financial ) <br> Solutions, Incorporated, Nicholas Gavalas, ) <br> Massachusetts Mutual Life Insurance ) <br> Company d/b/a MassMutual, and MML ) <br> Investors Services, Inc., ) <br> ) <br>         Defendants. ) | Case No.: No. 8:08-cv-03607 - GRA <br><br><br><br><br><br><br> STIPULATION OF SETTLEMENT |

This Stipulation of Settlement (the "Stipulation"), dated October 26, 2009, is entered

into by Named Plaintiffs, on behalf of themselves and the members of the proposed Settlement

Class defined below, and defendants Massachusetts Mutual Life Insurance Company

("MassMutual") (the term "MassMutual" shall include any of its respective parent, subsidiary,

affiliate, predecessor, and/or successor companies, if any, as well as past and present officers,

administrators, directors, policyholders, general or limited partners, representatives, agents,

and/or employees, if any); MML Investors Services, Inc. ("MMLISI") (the term "MMLISI"

shall include any of its respective parent, subsidiary, affiliate, predecessor, and/or successor

companies, if any, as well as past and present officers, administrators, directors,

policyholders, general or limited partners, representatives, agents, and/or employees, if any);

Nicholas Gavalas ("Gavalas"), who previously operated the Nicholas B. Gavalas Agency and

formerly was contracted as a General Agent with MassMutual and MMLISI; and College

Funding Solutions, Inc., a/k/a Comprehensive Financial Solutions Incorporated or

Comprehensive Financial Solutions or C.F.S., Inc. ("CFS"). MassMutual and MMLISI are hereinafter collectively referred to as the "MassMutual Defendants," and together with Gavalas and CFS as the "Settling Defendants." Named Plaintiffs, the members of the proposed Settlement Class, and the Settling Defendants are referred to as the "Settling Parties."

## I.     RECITALS

A.     On September 25, 2008, Named Plaintiffs filed their Complaint (the "Complaint") in the Pickens County Court of Common Pleas, State of South Carolina, on behalf of Named Plaintiffs individually and a class of similarly situated people or entities that invested with, or purchased life insurance from, Defendants. In the Complaint, Named Plaintiffs assert claims against Defendants for breach of contract, negligence/gross negligence/recklessness, and violations of the South Carolina Unfair Trade Practices Act, §39-5-10, in connection with an alleged investment scheme by Daryl L. Batts ("Batts") and CFS.

B.     The Action was thereafter removed to federal court. A Motion to Dismiss was filed by MassMutual and MMLISI on or about October 31, 2008, and by Gavalas on or about November 18, 2008.

C.     The Settling Defendants deny any wrongdoing or liability in connection with the claims and allegations asserted against them in the Complaint and maintain that their practices have at all times been lawful and proper. They have decided to enter into this Settlement on the terms and conditions set forth herein in order to avoid further expense, inconvenience and management distraction attendant to the litigation.

D.     The attorneys representing Named Plaintiffs and the Settlement Class (the "Class Counsel") are experienced in litigating class action claims of the type involved in the Action.

2

E.      Based on Class Counsel's extensive analysis of the law and facts at issue in the Action, the risks, uncertainties, delay, and expense involved in continuing the Action, and the fair, flexible, speedy, cost-effective and assured procedures for monetary settlement provided herein, Named Plaintiffs have determined, on advice of counsel, that the Settlement is fair, adequate and reasonable and therefore in the best interests of Named Plaintiffs and the Settlement Class.

F.      The Settlement is the product of arm's length negotiations by the Settling Parties.

G.      The Settling Parties now enter into this Stipulation to document the agreed-upon Settlement and to dismiss the Action with prejudice, subject to Court approval, upon and subject to the following terms and conditions.

## II.      DEFINITIONS.

These definitions are applicable to this Stipulation:

A.      "Action" means the above-captioned lawsuit pending in this Court, and encompasses any and all complaints and other filings in that Action and its constituent cases.

B.      "Attorneys' Fees and Expenses" means fees and expenses defined in Section IV.F. below.

C.      "Class Representative Enhancement" means the $500 payment that each of the seven Named Plaintiffs shall receive out of the payment of Attorneys' Fees and Expenses from the Settlement Funds.

D.      "Class Members" means all persons, associations or entities included in the following three "Settlement Subclasses:"

(1)      "Post-5/1/04 Investment Subclass" means all persons, associations or entities who made investments or placed monies with or through Defendants Batts and/or CFS after May 1, 2004 through October 2009.

3

(2)    "Pre-5/1/04 Investment Subclass" means all persons, associations or entities who made investments or placed monies with or through Defendants Batts and/or CFS prior to May 1, 2004.

(3)    "Insurance Premium Subclass" means all persons, associations or entities who made investments or placed monies with or through Defendants Batts and/or CFS whose investments or monies were used in any way to pay insurance premiums on insurance policies issued by MassMutual.

Excluded from these subclasses are any persons, associations or entities whose affiliation with MassMutual, MMLISI or Gavalas was terminated prior to the date of this Stipulation.

E.    "Effective Date" means the latest of the following dates after entry of the Final Approval Order and Judgment:

1.    if no appeal is taken, the date on which the time to appeal has expired;

2.    if any appeal is taken, the date on which all appeals, including petitions for rehearing or reargument, petitions for review and petitions for certiorari or any other form of review, have been finally disposed of in a manner resulting in affirmance of all the material provisions of the Final Approval Order and Judgment; or

3.    a date after entry of the Final Approval Order and Judgment, which date counsel for the parties agree to in writing.

A proceeding, order, or any appeal pertaining solely to any application for Attorneys' Fees and Expenses shall not delay or preclude the Final Approval Order and Judgment from becoming final.

F.    "Final Approval Order and Judgment" means the order to be entered by the Court, substantially in the form attached hereto as Exhibit E.

4

G.    "Final Settlement Hearing" means the hearing to determine whether the proposed Settlement should be approved as fair, reasonable and adequate, whether the Settlement Class should be certified for purposes of effectuating the Settlement, and whether the applications for Attorneys' Fees and Expenses and Class Representative Enhancements should be approved.

H.    "Named Plaintiffs" means Rachel I. Hawkins, John H. Hawkins, Pat M. Hawkins, Bryan L. Smith, Aleatha H. Smith, Julian R. LeRoy and Barbara H. LeRoy.

I.    "Notice" means the mailed Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit B, and the published Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit C.

J.    "Objection Deadline" means the next business day that falls forty-five (45) days after the Preliminary Approval Date. It is the date by which the Class Members must serve a written statement objecting to the Settlement and a written notice of intention to appear if they expect to present objections to the Settlement.

K.    "Preliminary Approval Date" means the date of entry of the Court's order granting preliminary approval of the Settlement.

L.    "Preliminary Approval Order" means the order to be entered by the Court, substantially in the form attached hereto as Exhibit D.

M.    "Receiver" means Bruce A. Byrholdt, appointed by the Court in Case Number 8:08CR716.

N.    "Released Parties" means MassMutual, MMLISI, Gavalas, the Gavalas Agency, CFS and any of their respective present or former officers, directors, agents, employees, attorneys, insurers, stockholders, representatives, administrators, parents,

5

subsidiaries, affiliates, predecessors, successors and assigns, and their insurance carriers. Defendant Batts is not a Released Party.

O.    "Released Claims" means any and all direct, indirect and/or derivative claims, demands, rights, liabilities, causes of action, or lawsuits whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other U.S. or foreign law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, including both known claims and Unknown Claims (as defined below), that have been asserted in the Action, or that could have been asserted in any forum by Named Plaintiffs or a Settlement Class Member against any of the Released Parties that arise out of, or relate to, the allegations, transactions, facts, matters, or occurrences referred to in the Complaint or the Amended Complaint, including, but not limited to monies invested with or through Batts, CFS and/or Released Parties and/or life insurance policies sold or issued by Batts, CFS and/or Released Parties at any time.

P.    "Settlement Class" or "Settlement Class Member(s)" means a Settlement Class consisting of all persons, associations or entities who fall within the three Settlement Subclasses, including any and all past and present heirs, executors, administrators, successors and assigns, policy holders, policy owners, policy beneficiaries, parties responsible for payment of policy premiums, trusts, trustees, insureds, and/or any other party with direct or indirect interest in the investments and/or life insurance policies issued by the MassMutual Defendants at any time.

S.    "Settlement Funds" means the separate funds to be funded by (1) Defendants MassMutual, MMLISI and Gavalas in the amount of $5,250,000, and (2) Defendant CFS in the amount of $50,000, and to be distributed by the Receiver.

T.    "Unknown Claims" means any claims of which any Named Plaintiff or Settlement Class Member is unaware at the time of the release of the Released Persons which, if known, might have affected that member's decision to settle.  The Settling Parties agree that, upon the Effective Date, Named Plaintiffs and each of the Settlement Class Members shall be deemed to have expressly waived the provisions, rights, and benefits conferred by any federal, state, or local statutory or common law or any other U.S. (or foreign law) rule or regulation that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Named Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key and fundamental element of the Settlement of which this release is a part.

### III.    SETTLEMENT TERMS

Named Plaintiffs, Settlement Class Members, and the Settling Defendants agree to resolve this matter on the following terms, subject to the approval of the Court.

A.    **Class Certification.**

1.    Named Plaintiffs have filed an Amended Complaint in the United States District Court for the District of South Carolina.  The Settling Defendants shall stipulate to the certification of the Class for settlement purposes only and shall cooperate with Named Plaintiffs in filing a motion for preliminary approval of the Settlement.  The certification of the Class shall be effective only with respect to the Settlement of the Action.  In the event that the

Settlement is terminated pursuant to its terms or the Effective Date does not occur for any reason, the certification of the Class shall be vacated and the Action shall proceed as it existed prior to the execution of this Agreement. The Settling Defendants will then have thirty (30) days from the date of the termination of the Settlement to respond to the Amended Complaint.

2.      The Preliminary and Final Approval Orders shall contain a provision enjoining Class Members from proceeding with any competing claim against the Settling Defendants similar to those that are asserted in this Action and/or the Released Claims.

B.      Settlement Consideration.

1.      As set forth below, consideration to the Settlement Class Members shall include the portion of the Settlement Funds to be paid to each subclass member as determined by the Receiver.

2.      Counsel for the parties agree that Receiver Bruce A. Byrholdt, previously appointed by this Court in Case CR Number: 8:08CR716, shall conduct and supervise the claims payment and implementation procedure provided in this Stipulation. The Receiver will supervise a procedure that allows the members of the Settlement Subclasses to identify losses resulting from the actions of Defendants Batts and CFS and award each subclass member his or her pro rata share of the applicable Settlement Funds. Members of the Settlement Subclasses who did not experience a net loss will be entitled to a payment of not less than $50. The Receiver will be entitled to apply to the Court at any time during his Receivership for additional fees to administer the settlement process, although such fees will not be distributed from the fund identified in subparagraph 3 below.

3.    Defendants MassMutual, MMLISI and Gavalas will establish a fund in the amount of $5,250,000 to make payments, in amounts determined by the Receiver, to cover all claims against them by the Settlement Class Members.  These payments will include Class Counsel's Attorneys' Fees and Expenses.  Subject to the Court's approval, the Settlement Fund to be funded by the MassMutual Defendants will be distributed as follows:

a.    $4,400,000 to be paid to the Post-5/1/04 Investment Subclass members in amounts to be determined by the Receiver and to the Pre-5/1/04 Investment Subclass members in the amount of $50 per class member;

b.    $225,000 to be paid to the Insurance Premium Subclass as determined by the Receiver;

c.    $625,000 from the Settlement Fund to be paid by Receiver to Class Counsel for Attorneys' Fees and Expenses, and

d.    $3,500 to be paid by Class Counsel from the award of Attorneys' Fees and Expenses to the Named Plaintiffs (each of the seven (7) Named Plaintiffs shall receive $500).

4.    Within six (6) business days of the Effective Date, MassMutual, MMLISI and Gavalas will pay to the Receiver the amount of $5,250,000, which will be used by the Receiver to implement the Settlement as set forth herein.

5.    Prior to the Effective Date, $3,050,000 will have been distributed by the Receiver to the Settlement Class Members from the funds of Defendant CFS.  In addition to these payments, Defendant CFS will establish a fund of $50,000 from which payments will be made to the Subclass Members based on monies invested with or through Defendants Batts and CFS after October 2002.  The amount of these payments will be determined by the Receiver.  These payments will be distributed to Class Members within ten (10) days of the Effective Date.  Thereafter, when CFS is liquidated, all of its remaining assets will be paid to the

9

Settlement Class Members, in amounts to be determined by the Receiver. The Receiver will submit reports regarding the amount and manner of these payments to the Court, which will retain ongoing jurisdiction over this matter. MassMutual, MMLISI and Gavalas are not responsible for the payments identified in this Paragraph 5 and have not been and will not be responsible for any decision made by the Receiver as to how any CFS monies or the Settlement Fund have been or will be distributed.

6.      Any individual who is a member of both the Pre-5/1/04 Investment Subclass and the Post-5/1/04 Investment Subclass will receive the larger of the two payments to which he or she is entitled as a member of each subclass, but not both.

7.      Within sixty (60) days of the Effective Date, the Receiver will provide counsel for the MassMutual Defendants and Gavalas with a certified list of the payments made to all class members, together with copies of the settlement checks and all cashed checks. The Receiver will thereafter provide copies of additional cashed checks upon receipt. Following the liquidation of CFS, the Receiver will supplement the certified list of payments and provide copies of additional settlement checks to identify any further payments made to Class Members.

C.      Release of Claims.

1.      The obligations incurred pursuant to this stipulation shall be in full and final disposition of the Action as to the Settling Defendants and of any and all Released Claims as against all Released Parties. This release does not apply to any claims by Class Members against Defendant Batts nor any claims by MassMutual, MMLISI or Gavalas against Defendant Batts.

1304310v1

2.     Upon the Effective Date of the Settlement, Named Plaintiffs and the members of the Settlement Class, on behalf of themselves and their respective agents, heirs, executors, administrators, successors, assigns, policy holders, policy owners, policy beneficiaries, parties responsible for payment of policy premiums, and any party with any direct or indirect interest in the investments and/or life insurance policies issued by Defendants shall fully, finally, and forever release, relinquish and discharge, and shall forever be enjoined from prosecution of each and every Released Claim against any and all of the Released Parties.

3.     Batts, CFS, and the Receiver shall be forever barred from making or pursuing any claim against MassMutual, MMLISI and Gavalas.

D.     **No Admission of Wrongdoing.**

Plaintiffs and the Settling Defendants specifically agree that the Settling Defendants' execution of this Stipulation is not, and shall not be construed as, an admission by the Settling Defendants (i) of the validity of any of the claims made by Plaintiffs or of any liability to Plaintiffs or the Settlement Class; (ii) that the Settling Defendants have violated any legal provisions; or (iii) that class certification is appropriate in the Action.  This Stipulation and any of its terms, and any agreement or order relating thereto, shall not be deemed to be, or offered in evidence in any civil, criminal, administrative, or other proceeding, or utilized in any manner whatsoever, as an admission of any fault, wrongdoing, or liability whatsoever on the part of the Settling Defendants; provided, however, that the Stipulation (or any agreement or order relating thereto) may be used: (1) in any proceeding to approve, enforce, or otherwise effectuate the Settlement or the Final Approval Order and Judgment, or in which the reasonableness, fairness, or good faith of the Settling Defendants in participating in the

11

Settlement is in issue; and (2) in other proceedings, where relevant, to demonstrate the fact of its existence and of this Settlement, including to support a defense or counterclaim of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim or issue preclusion.

       E.      **No Waiver of Defenses.**

By entering into this Settlement, the Settling Defendants do not waive any defenses to the claims and allegations in the Action or with respect to the Released Claims. The Settling Defendants expressly reserve the right to assert any and all such defenses should the Settlement terminate.

       F.      **Tax Consequences of Settlement Payments.**

       1.      Named Plaintiffs, the members of the Settlement Class, the Receiver and Class Counsel understand and agree that they each will be responsible for the payment of any and all taxes, assessments, or other financial obligations, whether federal, state or local, which are legally required to be paid in connection with the payments set forth in Section III.B. Named Plaintiffs, the members of the Settlement Class, the Receiver and Class Counsel further understand and agree that the Settling Defendants have not rendered any tax advice, opinions or other tax analyses whatsoever about the tax structure or any tax consequences relating to or arising out of this Stipulation or in connection with any other monies invested with or through Batts and/or CFS. Named Plaintiffs and the members of the Settlement Class also understand and agree that Class Counsel and the Receiver have not rendered any tax advice, opinions or other tax analyses whatsoever about the tax structure or any tax consequences relating to or arising out of this Stipulation.

1304310v1

2.     Named Plaintiffs, the members of the Settlement Class, the Receiver and Class Counsel agree to indemnify, defend, and hold the Settling Defendants harmless from any claims, demands, deficiencies, assessments, executions, judgments, or recoveries by any federal, state or local entity against the Setting Defendants that arise from or in any way relate to the failure of Named Plaintiffs, Class Members, the Receiver or Class Counsel to pay federal, state or local taxes on any amounts paid to them pursuant to this Stipulation or in connection with any other monies invested with or through Batts and/or CFS.

## IV.   EFFECTUATING THE SETTLEMENT

### A.   Preliminary Approval of the Settlement and Settlement Class.

1.     The Settling Parties and their respective counsel shall use their best efforts and cooperate fully with one another in (a) preparing and executing all documents necessary to effectuate the Settlement contemplated by this Stipulation; (b) seeking first preliminary and then final approval of the Settlement and the certification of the proposed Settlement Class for purposes of effectuating the Settlement; and (c) completing the Settlement in accordance with their respective responsibilities set forth herein.

2.     As soon as practicable after execution of this Stipulation, Plaintiffs shall move the Court for the entry of a Preliminary Approval Order substantially in the form of Exhibit D.

3.     Plaintiffs shall request that the Court authorize the forms of Notice attached hereto as Exhibits B and C and the Additional Information Form in the form attached hereto as Exhibit F to be sent Class Members as part of the mailed notice.

4.    Within ten (10) days after the filing of the motion for entry of a Preliminary Approval Order, the Settling Defendants shall provide notice of the Settlement consistent with the requirements of 28 U.S.C. § 1715(b) to the Attorney General of the United States; the Office of the South Carolina Attorney General, Securities Division; the South Carolina Department of Insurance; and the appropriate state official of any other state in which a Class Member resides.  If any of the notified federal or state officials take any action affecting the validity or enforceability of the Settlement or seek to impose additional terms, conditions or to impose liability on MassMutual, MMLISI or Gavalas for the matters resolved herein, the Settling Defendants may, at their option, suspend the implementation of the Settlement pending the outcome of the action initiated by the notified federal or state official or may elect to void the Settlement by written notice to Class Counsel.

B.    Notices.

All potential Settlement Class Members shown on the Class List attached as Exhibit A will be sent, on a one-time basis, the class notice attached in Exhibit B, and the accompanying Additional Information Form attached in Exhibit F, by first class U.S. mail, postage prepaid, to the person's last known address as it appears on Exhibit A and bearing the return address of the Receiver.  This notice is to be issued by the Receiver within ten (10) days of the Preliminary Approval Date.  Also within ten (10) days of the Preliminary Approval Date, a publication in the form of Exhibit C will be published by the Receiver as a one-fourth page advertisement in The Easley Progress, The Greenville News, The Anderson Independent-Mail News, and The Seneca Journal.  Not later than fifteen (15) days after the deadline for responding to the published notice, the Receiver will provide counsel for the Settling

Defendants with a certified list of any class members not included in Exhibit A who responded to the published notice.

C.     **Objection and Opt Out Procedures.**

1.     The Notices shall provide that Class Members who wish to object to the Settlement or to the requests for Attorneys' Fees and Expenses or Class Representative Enhancements must serve on the Receiver and on counsel for the Settling Parties all written objections to the Settlement or the requests for Class Counsel's Fees or Class Representative Enhancements and a written notice of any intention to appear and object at the Final Settlement Hearing. Such written objections and notice must be served on the Receiver and counsel for the Settling Parties by mail postmarked on or before the Objection Deadline. Not later than fifteen (15) days after the deadline for submission of objections, the Receiver shall provide Class Counsel and the Settling Defendants' counsel with a certified list of all objectors together with copies of the objections.

2.     Class Members who fail to serve timely written objections and notice of intention to appear and object in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement and the requests for Class Counsel's Fees and Expenses and Class Representative Enhancements.

3.     The Notices shall provide that Class Members may elect to exclude themselves from this Settlement, relinquishing their rights to payments or other benefits under this Stipulation. Class Members who exclude themselves from the Settlement shall not release their claims under Section III.C. Class Members who wish to exclude themselves from the

15

Settlement must send the Receiver a letter indicating their name and address and providing a sufficiently clear statement communicating that they elect to be excluded from the Settlement Class, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to this Settlement. Any request for exclusion must be postmarked on or before the exclusion deadline provided in the Court's Preliminary Approval Order and the Notice, or on such other date set by the Court. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Class Members who fail to submit a valid and timely request for exclusion on or before the date specified in the Preliminary Approval Order and Notice, or on such other date set by the Court, shall be bound by all terms of the Settlement and Final Approval Order and Judgment, regardless of whether they have requested exclusion from the Settlement. Any Class Member who submits a timely request for exclusion may not file an Objection to the Settlement and shall be deemed to have waived any rights or benefits under this Stipulation.

4.      Not later than fifteen (15) days after the deadline for submission of requests for exclusion, the Receiver shall provide Class Counsel and the Settling Defendants' counsel a certified list of all exclusions together with copies of the exclusion requests.

5.      Notwithstanding any other provision of this Stipulation, the MassMutual Defendants, in their sole discretion, may rescind, revoke, and terminate the entire Settlement and this Stipulation, thus rendering the Settlement void in its entirety, by sending written notice of revocation to Class Counsel within fifteen (15) business days following the Settling

1304310v1

Defendants' receipt from the Receiver of an exclusion list that identifies one or more Class Members who have elected to be excluded from the Settlement.

     D.     **Final Approval Order and Judgment Including Contribution Bar.**

     1.     A Final Settlement Hearing to determine final approval of the Settlement shall be scheduled as soon as practicable, subject to the calendar of the Court, but no sooner than ninety (90) days after the Preliminary Approval Date. The parties to this Stipulation shall submit to the Court a proposed Final Approval Order and Judgment in a form substantially the same as attached hereto as Exhibit E.

     2.     The Settlement is expressly conditioned on the Court entering a Final Approval Order and Judgment which shall provide for, *inter alia*, the following:

     (a)     Adjudication that there has been adequate and sufficient notice;

     (b)     Adjudication that the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class members;

     (c)     All releases and covenants not to sue described in Section III.C;

     (d)     Entry of an injunction to enforce the above-described class releases;

     (e)     Certification of the Settlement Class for purposes of effectuating the Settlement and compliance with CAFA;

     (f)     Reservation by the Court of jurisdiction to enforce the Stipulation;

     (g)     Bar order constituting the final discharge of all obligations of the MassMutual Defendants and Gavalas to Class Counsel, the Settlement Class, CFS, Batts and the Receiver;

     (h)     Bar order constituting the final discharge of all obligations of CFS to Class Counsel, the Settlement Class and Batts;

17

       (i)      Bar order barring all claims for contribution against the Settling Defendants brought by other persons;

       (j)      Judgment reduction provisions as provided in Paragraph E below; and

       (k)     Other provisions as the Settling Parties may agree on or may be customary.

**E.    Other Protections.**

To the extent that the bar order referred to in the Final Approval Order and Judgment is insufficient or inadequate to eliminate the Settling Defendants' liability based on any claim over arising from, or related to, any Released Claims, the members of the Settlement Class agree to reduce any judgment they might recover against any entity other than the Settling Defendants by release and discharge in an amount, fraction, portion, or percentage necessary under applicable federal, state, local, statutory or common law or any other U.S. or foreign law, to bar, eliminate, or satisfy claims against the Settling Defendants for contribution and/or indemnity to the fullest extent permitted by federal, state, local, statutory or common law or any other U.S. or foreign law

**F.    Attorneys' Fees and Expenses and Class Representative Enhancements.**

1.    The Receiver shall pay Class Counsel's Attorneys' Fees and Expenses in the aggregate amount of $625,000, which shall be deducted from the portion of the Settlement Funds to be established by the MassMutual Defendants.

2.    The Settling Defendants shall not be liable for or required to pay any additional attorneys' fees and expenses in connection with the Released Claims of the Settlement, and Class Counsel hereby release any claims they have against the Released Parties arising out of, or relating in any way to, the Action or the Settlement.

1304310v1

3.     It is understood and agreed to by the Settling Parties that, notwithstanding any other provision of this Stipulation, any revisions by the Court or on appeal or otherwise relating solely to the award of Attorneys' Fees and Expenses or Class Representative Enhancements shall not operate to terminate to cancel or otherwise affect this Stipulation.

4.     The Settling Defendants agree that Named Plaintiffs are each entitled to a Class Representative Enhancement award.  The Settling Defendants understand that Named Plaintiffs shall apply to the Court for a Class Representative Enhancement award, which shall be scheduled for determination at the Final Settlement Hearing.  The request for a Class Representative Enhancement Award shall not exceed Five Hundred Dollars ($500) for each Named Plaintiff, which amounts shall be deducted from the award of Attorneys' Fees and Expenses to Class Counsel for attorneys' fees and expenses, and shall be paid only if such an award is made.  If the Court enters the Final Approval and Judgment but determines not to award a Class Representative Enhancement or for any reason awards less than $500.00 to each of the Named Plaintiffs, the rest of the Settlement shall not be affected and shall remain in full force and effect.

G.     Contingencies, Effect of Disapproval or Termination of the Settlement.

1.     This Settlement and the consideration therefore are given by or on behalf of the Settling Defendants in return for, and are contingent upon, a full and complete release of all Released Claims by all Settlement Class Members against the Released Parties.

2.     In the event the Court or any appellate court having jurisdiction over the Action refuses to approve, or modifies any material aspect of this Stipulation or the proposed

Preliminary Approval Order or Final Approval Order and Judgment, the Settling Defendants or Plaintiffs may terminate this Stipulation and the Settlement as set forth below.

   3. This Stipulation and the Settlement set forth herein shall terminate and be cancelled if, within ten (10) business days after any of the following events set forth in this Paragraph, one of the Settling Parties provides written notification to the other Parties of an election to terminate the Settlement.  For purposes of this Stipulation, no Court order solely concerning the award of Attorneys' Fees and Expenses or the Class Representative Enhancements shall constitute grounds for cancellation or termination of the Stipulation.

   (a) The Court declines to provide preliminary approval of this Stipulation and the Settlement set forth herein, or declines to enter or materially modifies the Preliminary Approval Order attached hereto as Exhibit D;

   (b) The Court declines to provide final approval of this Stipulation and the Settlement set forth herein, or declines to enter or materially modifies the Final Approval Order and Judgment attached hereto as Exhibit E;

   (c) The Court's Final Approval Order and Judgment is vacated, reversed or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date;

   (d) A federal or state official or regulator objects to the Settlement or takes action affecting the validity or enforceability of the Settlement or seeks to impose any additional terms, conditions on the Settlement or to impose liability on the MassMutual Defendants or Gavalas; or

   (e) The Effective Date does not occur for some other reason.

1304310v1

4.    In addition to the grounds for termination set forth above, the MassMutual Defendants have the right to terminate this Stipulation and Settlement by providing written notice of revocation to Class Counsel within fifteen (15) business days of receipt of the exclusion list indicating that one or more members of the Settlement Class is opting out.

5.    If for any reason this Stipulation is terminated or the Effective Date does not occur, the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the date immediately prior to the Stay Order provided in the Preliminary Approval Order and the Settling Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered.

## V.    MISCELLANEOUS

A.    All Counsel who execute this Stipulation represent that they have authority to do so on behalf of their respective clients.

B.    The Settling Parties agree to use their best efforts to effectuate this Stipulation and the Settlement.  Each of the Settling Parties shall bear its own fees, costs and expenses, with the sole exception of the payment of Attorneys' Fees and Expenses provided for in Section IV.F.

C.    This Stipulation (including exhibits hereto, agreements referenced herein, and documents executed pursuant hereto) contains the entire agreement among the Settling Parties with respect to the subject matter hereof and supersedes any prior written or oral agreements, representations, warranties, or statements.  No representation, warranty, or inducement has been made to any Settling Party concerning this Stipulation other than the representations,

1304310v1

warranties, and covenants expressly contained herein. This Stipulation may not be altered, modified or amended, or any of its provisions waived, unless by a writing, executed by counsel for all the Settling Parties.

D.     This Stipulation may be executed in counterparts, all of which shall be considered the same as if a single document shall have been executed, and shall become effective when such counterparts have been signed by each of the Settling Parties and delivered to each of the other Settling Parties.

E.     Upon prior notice to the Court and after approval by the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation, as contemplated in the attached exhibits incorporated herein by reference.

F.     The failure of any Settling Party to enforce at any time any provision of this Stipulation shall not be construed to be a waiver of such provision, nor in any way to affect the validity of this Stipulation or any part hereof or the right of any Settling Party thereafter to enforce each and every such provision. No waiver of any breach of this Stipulation shall be held to constitute a waiver of any other breach.

G.     The Court shall retain jurisdiction with respect to the enforcement of the terms of this Stipulation and the Settlement embodied herein.

H.     In the event that the Court or any other court is called upon to interpret this Stipulation, no one party or group of parties shall be deemed to have drafted this Stipulation.

I.     This Stipulation and the Settlement contemplated hereby shall be governed by, and construed in accordance with, the laws of the State of South Carolina without giving effect to that State's choice of law principles.

1304310v1

J.     Other than as required by law or as set forth in this Stipulation, the Settling Defendants, Settling Defendants' counsel, Plaintiffs, Class Counsel, the Receiver and the Settlement Class Members shall issue no press releases or make any other statements describing this Action and/or Settlement that disparages any party or accuses any party of wrongdoing.

Any written notice required pursuant to or in connection with this Stipulation shall be addressed to the parties' counsel as follows:

<u>Attorneys for Plaintiffs:</u>

Michael D. Glenn
Glenn, Haigler, McClain, Stathakis & Gaines, LLP
121 W. Benson Street
Anderson, SC 29624
Telephone: (864) 226-1885
Facsimile: (864) 226-0561
mglenn@ghmslaw.com

W. Grady Jordan
Olson Smith Jordan & Cox, PA
P.O. Box 1207
Easley, SC 29641
Telephone: (864) 855-1661
Facsimile: (864) 855-1685
Jordan@osjc.com

<u>Attorneys for the MassMutual Defendants:</u>

Michael J. Giese
Smith Moore Leatherwood LLP
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602
Telephone: (864) 242-6440
Facsimile: (864) 240-2477
mike.giese@smithmoorelaw.com

1304310v1

Ross H. Garber
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5901
Facsimile: (860) 252-5219
rgarber@goodwin.com

<u>Attorneys for Defendant Gavalas:</u>

Gray T. Culbreath
1330 Lady Street, Sixth Floor
P.O. Box 12487
Columbia, SC 29211
Telephone: (803) 256-2660
Facsimile: (803) 771-4484

<u>Attorney and Receiver for Defendant CFS:</u>

Bruce A. Byrholdt
Chapman, Byrholdt & Yon, LLP
117 W. Benson St.
Anderson, SC 29624
Telephone: (860) 225-1411

1304310v1

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, as follows:

Named Plaintiffs:

_Rachel I. Hawkins_
Rachel I. Hawkins

_October 29, 2009_
Date

_John H. Hawkins_
John H. Hawkins

_October 29, 2009_
Date

_Pat M. Hawkins_
Pat M. Hawkins

_October 29, 2009_
Date

_Bryan L. Smith_
Bryan L. Smith

_10/29/2009_
Date

_____
Aleatha H. Smith

_____
Date

_Julian R. LeRoy_
Julian R. LeRoy

_10-29-09_
Date

_Barbara H. LeRoy_
Barbara H. LeRoy

_10-29-2009_
Date

Attorneys for Plaintiffs:

_Michael D. Glenn_
Michael D. Glenn
Glenn, Haigler, McClain, Stathakis
    & Gaines, LLP
121 W. Benson Street
Anderson, SC 29624
Telephone: (864) 226-1885
Facsimile: (864) 226-0561

_October 29, 2009_
Date

_W. Grady Jordan_
W. Grady Jordan
Olson Smith Jordan & Cox, PA
P.O. Box 1207
Easley, SC 29641
Telephone: (864) 855-1661
Facsimile: (864) 855-1685

_october 29, 2009_
Date

25

1304310v1

Attorneys for the MassMutual Defendants:

_Mui WMV Jiki_                                    _10/29/09_
                                                 Date
Michael J. Giese
Peter A. Rutledge
Smith Moore Leatherwood LLP
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602
Telephone: (864) 242-6440
Facsimile: (864) 240-2477

_Ross H. Garber /VF_                             _10/29/09_
Ross H. Garber                                   Date
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5901
Facsimile: (860) 252-5219


Attorney for Defendant Gavalas:

_Gray T. Culbreath_                              _10/29/09_
                                                 Date
Gray T. Culbreath
1330 Lady Street, Sixth Floor
P.O. Box 12487
Columbia, SC 29211
Telephone:  (803) 256-2660
Facsimile:  (803) 771-4484


Attorney and Receiver for Defendant CFS:

_Bruce a. Byrholdt_                              _10/29/09_
Bruce A. Byrholdt                                Date
Chapman, Byrholdt & Yon, LLP
117 W. Benson St.
Anderson, SC 29624
Telephone: (860) 225-1411

1304310v1

**Attorney for Defendant Batts:**

_(signature)_

Frank Langston Eppes
Eppes and Plumblee, P.A.
1225 South Church Street
P.O. Box 10066
Greenville, SC 29603
Telephone: (864) 235-2600
Facsimile: (864) 235-4600

Date 10/28/9

1304310v1

## LIST OF ATTACHED EXHIBITS

A          Potential Class Members

B          Mailed Class Notice

C          Published Notice

D          Preliminary Approval Order

E          Final Approval Order and Judgment

F.         Additional Information Form

1304310v1