IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rachel I. Hawkins, John H. Hawkins, Pat M. Hawkins, Bryan L. Smith, Aleatha H. Smith, Julian R. LeRoy, and Barbara H. LeRoy, on behalf of themselves and all others similarly situated<br><br>    Plaintiffs,<br><br> vs.<br><br>Daryl L. Batts, College Funding Solutions, Inc., a/k/a Comprehensive Financial Solutions, Incorporated, Nicholas Gavalas, Massachusetts Mutual Life Insurance Company d/b/a MassMutual, and MML Investors Services, Inc.,<br><br>    Defendants. | Case No.: No. 8:08-cv-03607 - GRA<br><br><br><br><br>FINAL APPROVAL ORDER AND JUDGMENT |

1. The Parties to the above-captioned action reached a settlement and thereafter submitted a detailed written Class Action Stipulation of Settlement, dated October 29, 2009 (the "Stipulation") together with numerous exhibits and a proposed order. The Court gave its preliminary approval to the Settlement on October 29, 2009. At that time, the Court certified the following three subclasses for purposes of the Settlement:

  a. The "Post-5/1/04 Investment Subclass," which includes all persons, associations or entities who made investments or placed monies with or through Defendants Batts and/or CFS after May 1,

2004 through October 2009.

b.  The "Pre-5/1/04 Investment Subclass," which includes all persons, associations or entities who made investments or placed monies with or through Defendants Batts and/or CFS prior to May 1, 2004.

c.  The "Insurance Premium Subclass," which includes all persons, associations or entities who made investments or placed monies with or through Defendants Batts and/or CFS whose investments or monies were used in any way to pay insurance premiums on insurance policies issued by MassMutual.

Excluded from these subclasses are any persons, associations or entities whose affiliation with MassMutual, MMLISI or Gavalas was terminated prior to October 2009.

The Court directed the Parties to provide notice of the Proposed Settlement by direct mail and through publication to the Class Members and scheduled a further hearing to determine whether: the Proposed Settlement is fair, reasonable, and adequate; to award Attorneys' Fees and Expenses to Class Counsel; to award Class Representative Enhancements; and to enter a Judgment that constitutes a release and bar of the Class Members' claims.

2.	On February 9, 2010, this Court held a hearing to determine whether the Proposed Settlement set forth in the Stipulation executed by the parties should be given final approval by this Court. Michael G. Glenn of Glenn, Haigler, McClain, Stathakis & Gaines, LLP, and W. Grady Jordan of Olson Smith Jordan & Cox, PA appeared for the Named Plaintiffs and the Settlement Class. Michael J. Giese of Smith Moore Leatherwood LLP appeared for Defendants Massachusetts Mutual Life Insurance Company ("MassMutual") and MML Investors Services, Inc. ("MMLISI"), Gray T. Culbreath appeared for Defendant Nicholas Gavalas, and Bruce A. Byrholdt appeared as Receiver and attorney for CFS (collectively the "Settling Defendants"). No objections were filed with respect to the Proposed Settlement, and no Class Members appeared at the hearing to contest the Settlement.

3.	After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and for the approval of the request for attorneys' fees and expenses and after hearing the attorneys for the Parties, the Court finds, and **IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

4.	The Court has personal jurisdiction over all Class Members and Settling Defendants, and the Court has subject matter jurisdiction to approve the Agreement and all exhibits thereto. Any objections to the Named Plaintiffs'

capacity to bring this lawsuit under the South Carolina Door Closing Statute, S.C. Code Ann. § 15-5-150, or otherwise have been waived.

5. The Stipulation and Proposed Settlement were reached after arm's-length negotiations between the Parties. The Stipulation and the Proposed Settlement are: fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of each of the Parties and the Class Members.

6. The Court finds that in negotiating, entering into, and implementing the Settlement, Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members.

7. The Notice and the notice methodology implemented pursuant to the Stipulation: (i) constituted the best practicable notice; (ii) constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the claims, issues and defenses of the Class, the definition of the certified Class, their right to object to or exclude themselves from the Proposed Settlement, their right to appear at the Final Settlement Hearing, through counsel if desired, and the binding effect of a judgment on Class Members; (iii) were

reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court further finds that the Parties have met all applicable requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

8. The terms of the Stipulation and this Judgment are binding on Named Plaintiffs and all other Class Members, as well as their respective agents, heirs, executors, administrators, successors, assigns, guardians, and representatives.

9. The terms of the Stipulation and this Judgment shall have *res judicata*, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses that are based on or in any way related to the claims that were brought or could have been brought in the Complaint or Amended Complaint.

10. The Parties and their counsel are ordered to implement and to consummate the terms of the Stipulation according to its terms and provisions.

11.  The Action, including all claims against the Settling Defendants, is hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided herein.

12.  Named Plaintiffs and the Class Members are hereby permanently enjoined from proceeding with any claims against the Settling Defendants within the scope of the release in Section III.C of the Stipulation of Settlement.

13.  The Release of Claims set forth in Section III.C of the Stipulation is incorporated by reference and provides, *inter alia*, that for and in consideration of the settlement payments and the mutual promises contained in the Stipulation, Named Plaintiffs and the Class Members, on behalf of themselves and their respective agents, heirs, executors, administrators, successors, assigns, policy holders, policy owners, policy beneficiaries, parties responsible for payment of policy premiums, and any party with any direct or indirect interest in the investments and/or life insurance policies issued by Defendants shall fully, finally, and forever release, relinquish and discharge, and shall forever be enjoined from prosecution of all direct, indirect and/or derivative claims, demands, rights, liabilities, causes of action, or lawsuits whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other U.S. or foreign law, rule or regulation,

whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, including both known claims and Unknown Claims (as defined in the Stipulation), that have been asserted in the Action, or that could have been asserted in any forum by Named Plaintiffs or a Settlement Class Member against any of the Released Parties that arise out of, or relate to, the allegations, transactions, facts, matters, or occurrences referred to in the Complaint or Amended Complaint, including but not limited to monies invested with or through Batts, CFS and/or Released Parties and/or life insurance policies sold or issued by Batts, CFS and/or Released Parties. The Release of Claims is effective as of the date of this Judgment.

14. The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto as (i) are consistent with this Judgment, and (ii) do not limit the rights of Class Members under the Settlement.

15. Plaintiffs' request for attorneys' fees and reimbursement of expenses is reasonable and appropriate. Class Counsel became involved in activities for the benefit of the investors soon after the arrest of Defendant Daryl R. Batts. Class Counsel met with and assisted investor clients and clients of two other area attorneys who also assisted and participated in providing representation and advice to class members.

Class Counsel attended and assisted in the first meeting of investors conducted by Receiver Bruce A. Byrholdt. They assisted many class members in compiling documents requested by the Receiver and in answering numerous questions by telephone and correspondence.

Prior to filing suit Class Counsel met with counsel for the Settling defendants and began exchanging information which later proved beneficial in settlement negotiations. They also employed investigators who assisted in factual research prior to suit.

After the arrest of Defendant Batts several attorneys, at least one of whom did not practice in South Carolina, placed advertisements in local newspapers seeking clients from the investors. However, none of these attorneys filed suit or participated in this case.

Following the filing of suit in Pickens County and removal to this Court, Class Counsel, along with their two co-counsel, continued to work with individual class members and with the Receiver to bring about settlement negotiations with the Settling Defendants.

It is evident to the court that the diligent work of Class Counsel and their cooperation with Receiver Byrholdt was extremely beneficial to the Class. The result is that the monetary recovery for class members is approximately 78% of their loss, after the payment of attorneys' fees and expenses. In addition, the

settlement saved the investors much money which would have been spent in discovery and litigation support if the case had been tried. The trial of this case would likely have required at least ten days of court time and jury expense. The requested fee is 11.17% of the settlement total. The percentage fee includes a substantial amount to be paid to co-counsel who contributed valuable assistance but were not named counsel of record..

The class members have indicated their satisfaction with the work of Class Counsel and the fee requested. After receiving notice of the settlement and fee requested, no member of the class filed an objection or opted out of the class.

After consideration of all the circumstances, and in light of the beneficial results accomplished, the Court finds that Plaintiffs' request for attorneys' fees and expenses is fair and reasonable.

The Court hereby awards $625,000 in attorneys' fees and reimbursement of expenses to Class Counsel, which shall only become payable by Receiver from the Settlement Fund once the Settlement is final and cannot be appealed.

16.     The Court hereby awards $500 to each of the seven Named Plaintiffs (for a total payment of $3500), which shall be paid out of the award of Attorneys' Fees and Expenses to Class Counsel and shall only become payable once the Settlement is final and cannot be appealed.

17.   The provisions of the Stipulation of Settlement finally discharge all of the obligations of the Settling Defendants to the Settlement Class, Class Counsel, Batts and/or the Receiver.  The provisions of the Stipulation of Settlement finally discharge all of the obligations of the MassMutual Defendants and Gavalas to CFS.

18.   Claims for contribution and/or indemnification brought by other persons against the Settling Defendants based on the matters described in the Complaint or Amended Complaint are hereby barred.  If any such claims are brought, the members of the Settlement Class agree to reduce any judgment they might recover against any entity other than the Settling Defendants by release and discharge in an amount necessary under applicable federal, state, local, statutory or common law or any other U.S. or foreign law, to bar, eliminate, or satisfy claims against the Settling Defendants for contribution and/or indemnity to the fullest extent permitted by federal, state, local, statutory or common law or any other U.S. or foreign law

19.   Without affecting the finality of this Judgment, the Court shall retain continuing jurisdiction over the Action and the Parties and Class, and the administration and enforcement of the Settlement.  Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court, provided, however, that nothing in this

paragraph shall restrict the ability of the Parties to exercise their rights under paragraphs 1-18 above.

20. The Stipulation, including the definitions therein, is incorporated by reference into this Judgment.

21. There being no just reason to delay, the Clerk is directed to enter this Judgment forthwith.

IT IS SO ORDERED THIS 9th DAY OF FEBRUARY, 2010.

_____
G. Ross Anderson, Jr.
United States District Judge
District of South Carolina